McGREGOR W. SCOTT
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:07-CV-01774 GEB/EFB |
| Plaintiff, | FINAL JUDGMENT OF FORFEITURE |
| v. | |
| 2005 JAGUAR VANDEN PLAS SEDAN, VIN: SAJWA82C45SG47157, CALIFORNIA LICENSE NUMBER: 5RTZ331 | |
| Defendant. | |

Pursuant to the Stipulation for Final Judgment of Forfeiture filed August 29, 2008, the Court finds:

1. This is a civil forfeiture action against a 2005 Jaguar Vanden Plas Sedan, VIN: SAJWA82C45SG47157, California License Number 5RTZ331 (hereafter "defendant vehicle") seized on or about March 8, 2007, in Sacramento, California at the intersection of Mendel Way and Fairweather Drive.

2. A Verified Complaint for Forfeiture *In Rem* (hereafter "Complaint") was filed on August 29, 2007, seeking the forfeiture of the defendant vehicle, alleging that said property is subject to forfeiture to the United States of America pursuant to 21

1

U.S.C. § 881(a)(4), as property that was intended to be used to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance or listed chemical in violation of 21 U.S.C. § 841 *et seq*.

    3.   On August 30, 2007, the Court issued a Warrant for Arrest of Articles *In Rem* for the defendant vehicle, and that warrant was duly executed on September 25, 2007.

    4.   On or about September 20, 2007, copies of the Complaint, Warrant for Arrest of Articles *In Rem*, Order Regarding Clerk's Issuance of Warrant for Arrest of Articles *In Rem,* Application and Order for Publication, and court notices were personally served on Margaret Harvey.  On or about September 27, 2007, these same documents were personally served on Gene Felder. Travis Credit Union was served these same documents by certified mail number 7007 0220 0002 5960 4855 on August 31, 2007.

    5.   On October 4, 2007, a Public Notice of Arrest and Seizure of the defendant vehicle appeared by publication in <u>The Daily Recorder</u>, a newspaper of general circulation in the county in which the defendant vehicle was seized (Sacramento County). The Proof of Publication was filed with the Court on October 17, 2007.

    6.   Claimant Margaret Harvey filed a Verified Claim on or about September 27, 2007, and an Answer to the Complaint on October 15, 2007.  Claimant Travis Credit Union filed a Verified Claim on October 15, 2007.  No other parties have filed claims or answers in this matter, and the time for which any person or entity may file a claim and answer has expired.

1     7.   Claimant Margaret Harvey represents and warrants that she is the sole owner of the defendant vehicle.

    8.   The Clerk of the Court entered a Clerk's Certificate of Entry of Default against Gene Felder on December 11, 2007. Pursuant to Local Rule A-540, the United States and Claimants thus join in a request that as part of this Final Judgment of Forfeiture, the Court enter a default judgment against the interest, if any, of Gene Felder without further notice.

Based on the above findings, and the file and records of the Court, it is hereby ORDERED AND ADJUDGED:

    1.   The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

    2.   Judgment is hereby entered against claimant Margaret Harvey, and all other potential claimants who have not filed claims in this action.

    3.   Claimant Margaret Harvey agrees to pay to the United States the sum of $10,000.00 (the "settlement amount") as a substitute *res* in lieu of the defendant vehicle.

        a.   Payments shall be made at the rate of $500 or more per month until the settlement amount, and storage costs incurred by the U.S. Marshal after the date the stipulation was signed, are paid in full. Storage costs are $50 per month.

        b.   No interest will accrue on the settlement amount or the storage costs.

        c.   Payments are due on the first of every month, and are deemed to be in default if not paid by the 10th of each month. Partial payments will not be accepted and any attempt to

3

1 pay less than $500 will be deemed a default.  If the payment in
2 full (defined as a payment of $500 or more) is not received by
3 the 10th, the plaintiff will send claimant Harvey a Notice of
4 Default on the 11th of each month.  If payment in full for that
5 month is not made by the 21st of that month, claimant Harvey will
6 be deemed to be in default, and all right, title, and interest in
7 the defendant vehicle shall be forfeited to the United States
8 pursuant to 21 U.S.C. § 881(a)(4), to be disposed of according to
9 law, subject to the interest of Travis Credit Union.  If claimant
10 defaults on this agreement, she will not be entitled to a refund
11 of any funds paid to the U.S. Marshals Service.

12        d.   Each payment shall be by cashier's check or money
13 order payable to the U.S. Marshals Service.  The cashier's check
14 or money order shall be mailed to the U.S. Attorneys Office,
15 Attn: Asset Forfeiture Unit, 501 I Street, Suite 10-100,
16 Sacramento, CA 95814-2322.  Said payments shall be substituted as
17 the *res* herein, and shall be forfeited to the United States
18 pursuant to 21 U.S.C. § 881(a)(4), to be disposed of according to
19 law.  Upon payment of the settlement amount, and the storage
20 costs accruing after the date the stipulation was signed, the
21 United States agrees to forego any further action against the
22 defendant vehicle based on the facts alleged in the Complaint.
23 Within thirty (30) days of full payment of the settlement amount
24 and accruing storage costs, the United States will release the
25 defendant vehicle, as is, to Claimant Margaret Harvey.
26    4.   Plaintiff United States of America and its servants,
27 agents, and employees, and all other public entities, their
28 servants, agents, and employees, are released from any and all

4

liability arising out of or in any way connected with the arrest, seizure or forfeiture of the settlement amount or the defendant vehicle. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said arrest, seizure, or forfeiture, as well as to those now known or disclosed. The parties waive the provisions of California Civil Code § 1542.

5. Claimant Margaret Harvey shall keep all loans and insurance policies current on the defendant vehicle. Claimant agrees to make the loan payments to claimant Travis Credit Union, at the rate of $767.31 per month, on or before the 19th day of each month. Partial payments will not be accepted. If payment in full is not received by the 19th of each month, claimant Travis Credit Union will send a late notice to both claimant Margaret Harvey and to plaintiff United States of America. If the default is not cured by the 29th day of the month, claimant Travis Credit Union will notify plaintiff United States. In addition, such default will cause all right, title, and interest in the defendant vehicle to be forfeited to the United States, in accordance with Paragraph 3(c) above.

6. Pursuant to the stipulation of the parties, and allegations set forth in the Complaint for Forfeiture *In Rem* filed August 29, 2007, the Court finds that there was reasonable cause for the seizure and arrest of the defendant vehicle, and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

7. Plaintiff agrees to bear its own attorney fees and costs. Claimants agree not to seek any attorney fees from

plaintiff.  However, nothing limits the right of Claimant Travis Credit Union to seek attorney fees and costs in accordance with the terms of the Retail Sales Contract dated October 20, 2005, which contract was executed by Claimant Margaret Harvey for the purchase of the 2005 Jaguar from Sacramento Jaguar Saab.

Dated:  September 8, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge

CERTIFICATE OF REASONABLE CAUSE

Based upon the allegations set forth in the Complaint for Forfeiture *In Rem* filed August 29, 2007, and the Stipulation for Final Judgment of Forfeiture filed August 29, 2008, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure and arrest of the defendant vehicle.

Dated:  September 8, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge

6